UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARAH S.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

1:23-CV-00914 EAW

## INTRODUCTION

Represented by counsel, plaintiff Sarah S. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 6; Dkt. 9) and Plaintiff's reply (Dkt. 10). For the reasons discussed below, the Commissioner's motion (Dkt. 9) is granted and Plaintiff's motion (Dkt. 6) is denied.

## BACKGROUND

Plaintiff protectively filed her application for DIB on May 26, 2020. (Dkt. 5 at 15, 94).[1] In her application, Plaintiff alleged disability beginning December 31, 2019. (*Id.* at 15, 284). Plaintiff's application was initially denied on October 21, 2020, and upon reconsideration on April 19, 2021. (*Id.* at 15, 118-23, 130-35). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Victoria Ferrer on March 15, 2022, and July 13, 2022. (*Id.* at 42-85). On August 3, 2022, the ALJ issued an unfavorable decision. (*Id.* at 12-36). Plaintiff requested Appeals Council review; her request was denied on July 14, 2023, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-12). This action followed.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1]  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2020. (Dkt. 5 at 17). At step one, the ALJ determined that Plaintiff had not engaged in substantial

gainful work activity from December 31, 2019, the alleged onset date, through the date last insured. (*Id.*).

At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the severe impairments of: "fibromyalgia; hidradenitis; carpal tunnel syndrome (CTS); obesity; depressive disorder with psychotic symptoms; and anxiety disorder." (*Id.*). The ALJ also found that Plaintiff suffered from the non-severe impairments of cocaine use disorder, cannabis use disorder, alcohol use disorder, and opioid use disorder. (*Id.* at 18).

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 18). In particular, the ALJ considered the requirements of Listings 8.07, 11.14, 12.04, and 12.06, as well as the effect of Plaintiff's obesity pursuant to Social Security Ruling ("SSR") 19-2p and the effect of Plaintiff's fibromyalgia pursuant to SSR 12-2p, in reaching her conclusion. (*Id.* at 18-20).

Before proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to sit for about six hours in an eight-hour workday and stand and/or walk for about six hours in an eight-hour workday. She can frequently reach in all directions. She is able to frequently handle and finger bilaterally. She is able to occasionally climb ladders and scaffolds. She is able to make decisions on simple matters, but she cannot interact with the public. She cannot perform team or tandem tasks with coworkers, and she can tolerate occasional supervision. She is able to adapt to occasional changes in the work setting.

(*Id.* at 20).  At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work.  (*Id.* at 28).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform through the date last insured, including the representative occupations of photocopy machine operator, retail marker, and cleaner.  (*Id.* at 29-30).  Accordingly, the ALJ found that, through the date last insured, Plaintiff was not disabled as defined in the Act.  (*Id.* at 30).

## II. The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error

Plaintiff asks the Court to reverse the Commissioner's decision and remand for further proceedings, arguing that the ALJ erred in assessing the opinion of consultative examiner Dr. Harbinder Toor, resulting in an RFC finding that was not supported by substantial evidence.  (Dkt. 6-1).  The Court is not persuaded by this argument, for the reasons that follow.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  In assessing a claimant's RFC, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."  20 C.F.R. § 404.1520c(a).  When a medical source provides one or more medical opinions, the Commissioner will consider those

medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id*. Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at § 404.1520c(c).

An RFC finding "is an administrative finding, not a medical opinion, which is reserved exclusively to the ALJ as the fact-finder in the case." *William F. v. Comm'r of Soc. Sec.*, No. 20-CV-01293-MJR, 2022 WL 16631050, at *6 (W.D.N.Y. Nov. 2, 2022). While the ALJ must consider and weigh the various medical opinions of record, her "RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

In this case, Dr. Toor examined Plaintiff on January 13, 2021. (Dkt. 5 at 1000-1005). Based on that examination, he opined that Plaintiff had "difficulty with balance" and "moderate limitations" in standing, walking, squatting, sitting, bending, lifting, carrying, pushing, pulling, reaching, and doing fine motor activities with the hands. (*Id*. at 1004).

The ALJ assessed Dr. Toor's opinion in accordance with the Commissioner's regulations and found it to be "generally persuasive." (*Id*. at 27). The ALJ observed that Dr. Toor's opinion was "consistent with the longitudinal record at the time it was submitted and . . . broadly supported by his examination of the claimant," but further observed that

during Dr. Toor's examination, Plaintiff had a "full range of motion in her upper extremities including her wrists" and "5/5 strength across all of her extremities." (*Id*.).

Plaintiff does not dispute that the ALJ appropriately applied the Commissioner's regulations in finding Dr. Toor's opinion generally persuasive. Instead, she argues that having found Dr. Toor's opinion generally persuasive, the ALJ was required to incorporate into her RFC finding Dr. Toor's conclusion that Plaintiff had moderate limitations in reaching and performing fine motor activities with the hands. (Dkt. 6-1 at 12). Plaintiff further argues that the ALJ failed to do so, because she concluded that Plaintiff was capable of frequent handling and fingering, as well as reaching in all directions frequently. (*Id*.).

Plaintiff's argument rests on a faulty premise—namely, that the ALJ found Dr. Toor's opinion "persuasive" in all aspects. (*See id*. at 10 ("The ALJ erred while assessing the opinion of the consultative examiner Dr. Toor and in crafting the RFC. The ALJ purported to find this opinion persuasive, but the RFC was not consistent with this opinion.")). The ALJ found Dr. Toor's opinion "generally persuasive" and "broadly supported by his examination," but never suggested that she was adopting it in total. To the contrary, and as discussed further below, the ALJ identified information that was inconsistent with Dr. Toor's opinion regarding reaching and fine motor activities.

By contrast, the ALJ found "persuasive"—without any qualifier—the opinion of medical consultant Dr. J. Koenig, who concluded that Plaintiff "should engage in reaching in any direction, [and] fine/gross manipulation no more than 2/3 of an 8 hour work day." (Dkt. 5 at 110). "[T]he Social Security regulations define 'frequently' as 'occurring between one-third to two-thirds' of a workday." *Cherry v. Comm'r of Soc. Sec.,* No. 17-

CV-7999 (VEC), 2019 WL 1305961, at *7 (S.D.N.Y. Mar. 22, 2019) (original alteration omitted and quoting SSR 83-10), *aff'd*, 813 F. App'x 658 (2d Cir. 2020). In other words, the ALJ's RFC finding as to reaching, handling, and fingering was fully consistent with Dr. Koenig's opinion, which the ALJ found unqualifiedly persuasive.

The Court thus disagrees with Plaintiff that there is an unexplained inconsistency between the RFC finding and Dr. Toor's opinion. The ALJ—as she explained—generally found Dr. Toor's opinion persuasive and supported by his examination, and so she largely adopted the limitations he identified. But specifically with respect to reaching, fingering, and handling, the ALJ was persuaded by Dr. Koenig's opinion that Plaintiff was capable of engaging in these activities for up to two-thirds of the workday.

"Genuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Here, the ALJ cited ample evidence to allow the Court to understand why she credited Dr. Koenig. As the ALJ noted, Dr. Toor's own examination showed that Plaintiff had a "full range of motion in her upper extremities including her wrists" and "5/5 strength across all of her extremities." (Dkt. 5 at 27). The ALJ also explained that Plaintiff's treatment notes did "not support [Plaintiff's] allegations of chronic carpal tunnel pain, as they indicated that [Plaintiff] had good dexterity in her hands." (*Id*. at 28). The ALJ specifically noted that Plaintiff's statement to Dr. Toor that she "had profound difficulty using her hands" was not consistent with subsequent statements where she reported "excellent results and functioning within several days" of having surgery for her carpal tunnel syndrome. (*Id*. at 23). Further, Plaintiff's EMG testing was within normal limits in both arms. (*Id*.; *see id*. at 1111, 1116).

On this record, the ALJ was well within her discretion in deciding to credit Dr. Koenig over Dr. Toor specifically with respect to Plaintiff's ability to use her hands and arms. Accordingly, there is no basis for the Court to disturb the Commissioner's determination.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 9) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 6) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                                          ELIZABETH A. WOLFORD
                                                          Chief Judge
                                                          United States District Court

Dated:   December 27, 2024
            Rochester, New York